## The Hampshire Manufacturers Bank *versus* David P. Billings, Administrator.

In an action against a surety on a joint and several promissory note, the surety pleaded, that he tendered to the plaintiffs the amount due on the note, in order to be enabled to recover the same of the principal, but that the plaintiffs refused to receive it. The plaintiffs replied, that at the time of such tender, an action was pending in their favor, against the principal ; that they offered to receive the sum tendered in satisfaction of the note, provided that the surety would pay the costs legally due in such action, and indemnify them against the payment of costs to the principal ; that the surety refused so to do ; that afterwards the plaintiffs having recovered judgment in such action, offered to receive of the surety the amount due on the note, in full satisfaction of their claim against him, which the surety refused to pay. It was *held*, that the replication was not double, the last averment being mere surplusage ; and that such replication properly concluded with a verification.

A *tender of the amount due on a joint and several promissory note, by a surety,* while an action brought by the holder against the principal is pending, will not discharge the surety from his liability, unless he also offers to indemnify the holder against the costs of such action.

Assumpsit on a promissory note dated May 7, 1833, made by William M. Shaw as principal, and David Billings, the defendant's intestate, as surety, jointly and severally, for the sum of $100, payable to the plaintiffs or their order in ninety days from the date.

The defendant pleaded the general issue and a special plea. In the special plea the defendant averred, that on August 14, 1834, after the decease of the intestate, and within one year after the defendant was appointed his administrator, he tendered to the plaintiffs the amount then due on the note, with the intent that he might, by such payment, be enabled to institute legal proceedings against Shaw to recover the same of him, and gave the plaintiffs notice of such intention ; but that the plaintiffs refused to receive the same, and thereby prevented the defendant from recovering any part thereof.

The replication to this plea set forth, that on November 19, 1833, the plaintiffs sued out a writ against Shaw to recover of him the amount due to them on the note ; that at the time of the supposed tender, that action was pending in court, al. which the defendant well knew ; that the de-

Hampshire Manuf. Bank *v.* Billings.

fendant tendered to the plaintiffs the sum due on the note, and that the plaintiffs offered to receive such sum in full satisfaction of the note, provided the defendant would pay to them the costs legally due in such action, and would indemnify them from the payment of costs to Shaw ; that the defendant refused so to do ; that afterwards, in August 1834, the plaintiffs recovered judgment against Shaw, and an execution was duly issued for the amount due on the notes and costs ; that on November 29, 1834, the plaintiffs offered to receive of the defendant the amount of the note with interest in full satisfaction of their claim against him on the note, which the defendant then and there refused to pay ; and that this they were ready to verify.

The defendant thereupon demurred, and assigned the following among other causes of demurrer.

1. That the replication of the plaintiffs neither denied, nor confessed and avoided, any of the facts set forth in the plea ; and if it pretended to deny any of such facts, it concluded with a verification, and not to the country.

2. That the plaintiffs did not aver, that they had, nor had they in fact, any just or legal claim to demand or receive of the defendant any costs or indemnity by reason of the suit mentioned in the replication.

3. That the replication was double in this ; that it alleged, that the defendant refused to pay certain costs and to give a certain indemnity therein mentioned, and also that the plaintiffs subsequently to such tender offered to receive the amount of the note, with interest, and that the defendant refused to pay the same.

The plaintiffs joined in the demurrer.

*Sept. 25th.*        *R. A. Chapman* and *Ashmun*, for the defendant, to the point, that as he offered to pay the amount due on the note, in order that he might recover against the principal, and the plaintiffs refused to receive it, he was thereby discharged from his liability, cited *Boston Hat Manufactory* v. *Messinger*, 2 Pick. 223 ; *Baker* v. *Briggs*, 8 Pick. 122 ; *People* v. *Jansen*, 7 Johns. R. 332 ; *Rathbone* v. *Warren*, 10 Johns R. 587 ; *Grafton Bank* v. *Kent*, 4 N. Hamp. R. 221 *Commonwealth* v *Vanderslice*, 8 Serg. & R. 452 ; *Reed* v

*Garvin,* 12 Serg. & R. 100 ; *Lichtenthaler* v. *Thompson,* 13 Serg. & R. 157 ; *Frye* v. *Barker,* 4 Pick. 382 ; *Bellows* v. *Lovell,* 5 Pick. 307 ; *Davis* v. *Huggins,* 3 N. Hamp. R. 231 ; *Bank* v. *Woodward,* 5 N. Hamp. R. 105.

Hampshire Manuf. Bank *v.* Billings.

*Wells, Alvord, F. B. Stebbins* and *Hyde,* for the plain· tiffs, to the point, that a surety is not discharged from lia- oility unless the creditor does some act which occasions a .oss to the surety, or by a new contract gives a further credit to the principal, without consulting the surety, *People* v. *Jansen,* 7 Johns. R. 338 ; *Wright* v. *Simpson,* 6 Ves. 734 ; *King* v. *Baldwin,* 2 Johns. Ch. R. 554 ; *Hampton* v. *Levy,* 1 M'Cord's Ch. R. 112 ; *English* v. *Darley,* 2 Bos. & Pul. 61 ; *M'Lemore* v. *Powell,* 12 Wheat. 554 ; *Hunt* v. *Bridgham,* 2 Pick. 584 ; *Davis* v. *Huggins,* 3 N. Hamp. R. 231 ; *Frye* v. *Barker,* 4 Pick. 382 ; *Bellows* v. *Lovell,* 4 Pick. 153 ; *Warner* v. *Beardsley,* 8 Wend. 198 ; *Dehuff* v. *Turbett,* 3 Yeates, 157 ; *Kennebec Bank* v. *Tuckerman,* 5 Greenl. 130 ; *Baker* v. *Briggs,* 8 Pick. 122 ; *Ramsey* v. *Westmoreland Bank,* 2 Pennsylv. R. 203 ; *Locke* v. *United States,* 3 Mason, 446 ; *Burn* v. *Poaug,* 3 Desaussure, 604 ; *Bank* v. *Woodward,* 5 N. Hamp. R. 105 ; 9 Dane's Abr. 507 ; *Shubrick* v. *Russell,* 1 Desaussure, 315 ; *Fordyce* v. *Ford,* 2 Ves. jun. (Amer. ed.) 540, note ; and to the point, that if the surety would substitute himself in the place of the creditor, he must, as respects the principal, indemnify the creditor against his liability for costs, *King* v. *Baldwin,* 2 Johns. Ch. R. 554 ; *Beardsley* v. *Warner,* 6 Wendell, 613 ; *Hayes* v. *Ward,* 4 Johns. Ch. R. 132 ; *Warner* v. *Beardsley,* 8 Wend. 194 ; *Wright* v. *Simpson,* 6 Ves. 734 ; *Ex parte Gifford,* 6 Ves. 805 ; *Bellows* v. *Lovell,* 5 Pick. 307 ; *Porter* v. *Ingraham,* 10 Mass. R. 88.

WILDE J. delivered the opinion of the Court. 1. The first *cause* of demurrer is clearly unfounded. The replication does not deny the tender, but admits it, and alleges new matter in avoidance, which the defendant had a right to traverse. The replication therefore properly concluded with a verification.

*Sept. 26th*

2. The second reason also is insufficient. The facts pleaded show that the plaintiffs had incurred a liability for costs

8 *

Hampshire
Manuf. Bank
v.
Billings

by the commencement of the suit against the principal promisor, and they could not be compelled to withdraw it and pay the costs, without an indemnity.

3. The third cause of demurrer appears to demand more consideration ; for apparently, the replication is double.   It avers the refusal of the defendant to pay the costs incurred by the plaintiffs in the suit against the principal promisor, which is a sufficient reply to the plea ; and then goes on to aver, that afterwards the plaintiffs offered to receive the principal and interest due on the note, and that the defendant refused to pay the same.

The question then is, whether this latter averment may be rejected as surplusage, or must be considered as material, so that if it had been traversed, and issue joined thereon, the issue would have been proper and decisive between the par ties.   If the tender had been pleaded in common form, with an *uncore prist* and a profert, then undoubtedly the replication would have been double ; for the defendant might have traversed the averment in respect to costs, and that in relation to the subsequent demand and refusal, and thereon two material issues might be joined.   But as the tender is not so pleaded, the latter averment is immaterial.   The defence set up by the plea is, that the plaintiffs debt or right of action against the defendant was discharged by their refusal to accept the sum tendered, and if so, it could not be revived by the subsequent demand and refusal.   6 Bac. Abr. Tender, *H 2* The averment, therefore, that such a demand was made and refused, is mere surplusage, which, when pleaded with matter which is material, will never vitiate a plea in other respects good.   *Utile per inutile non vitiatur.*   The superfluous matter required no answer, and if issue had been joined thereon, it would have been an immaterial issue, and would have been set aside.   For these reasons, we are of opinion that the replication is good, both in form and substance, and that the plaintiffs will be entitled to judgment unless the defendant can set up some other defence on the trial on the general issue.

*Replication adjudged good.*